IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAMON L. SMITH,           )<br>                                       )<br>           Plaintiff,            )<br>                                       )<br>vs.                                  )<br>                                       )<br>STATE OF IDAHO, and IDAHO  )<br>DEPARTMENT OF CORRECTION, )<br>                                       )<br>           Defendants.          )<br>_____) | Case No. CV05-122-S-EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court are the following motions: (1) Plaintiff's Motion for Temporary Restraining Order (Docket No. 10); (2) Plaintiff's Motion to Appoint Counsel (Docket No. 17); (3) Plaintiff's Motions to Amend the Complaint (Docket Nos. 19, 22, 27, 35, and 50); (4) Plaintiff's Motions for Hearing (Docket Nos. 26, 27, 29, 51, and 56); (5) Plaintiff's Motions to Compel (Docket Nos. 32, 39, and 41); (6) Defendants' Motions for Protective Order (Docket Nos. 33 and 45); and (7) Plaintiff's Motion to Facilitate Affidavits (Docket No. 42).

Having carefully reviewed the record and the pending motions, the Court has determined that oral argument on the pending motions will not significantly assist in resolving the issues presented. The Court has determined that Plaintiff's request for a restraining order will be denied because the issues presented in the request are already the

**ORDER  1**

subject of another case before this Court. The Court will also deny Plaintiff's request to amend the Complaint with an outdoor exercise claim. Additionally, the Court will grant Defendants' requests for a protective order and enter a stay of this action.

## BACKGROUND

Plaintiff's present action alleges that he is being persecuted for his Native American religious beliefs. He claims that staff members at IMSI have retaliated against him in the following ways: (1) denying him medical care and food; (2) confiscating and destroying his personal property; and (3) subjecting him to harassment. He also claims that he was punished for refusing to take his blood pressure medication. Plaintiff alleges that taking prescription medication violates his Cherokee religious beliefs. Plaintiff requests an injunction, preventing the alleged harassment and retaliation.

Plaintiff currently has another lawsuit pending before this Court in which he is alleging religious discrimination and retaliation for his religious beliefs. *See Smith v. IDOC, CV03-222-C-EJL.* Plaintiff's counsel recently filed an Amended Complaint in that action, alleging a retaliation claim against IDOC employees at IMSI. The claims in the prior lawsuit overlap with the claims Plaintiff is trying to assert in the present lawsuit.    Plaintiff currently has yet another lawsuit pending before this Court, alleging an Eighth Amendment claim for failure to provide adequate exercise. *See Smith v. Beauclair, CV03-484-C-EJL.* When Plaintiff files motions in his pending cases, he combines the allegations relating to the different cases, thereby making it difficult to distinguish among them. For example, Plaintiff is seeking to add an inadequate outdoor exercise claim to this action, even though the claim

**ORDER  2**

is part of another lawsuit.

## MOTION FOR RESTRAINING ORDER

In support of Plaintiff's request for a restraining order, he alleges that he is being forced to shave his beard in violation of his Cherokee religion. He also alleges that he is being treated differently than a Muslim inmate who is allowed to wear a short beard. It appears that Plaintiff is requesting that the Court enter an order enjoining Defendants from placing Plaintiff him in administrative segregation and confiscating his personal property. Plaintiff alleges that he was previously placed in disciplinary segregation for thirty-eight days. *Docket No. 10-1*, p. 1-2. It appears that the disciplinary action was either related to his refusal to shave his beard or to his decision to stop taking his blood pressure medication. *Docket No. 8-1*, p. 1-2; *Docket No. 9-1-*, p. 2;

Where a party seeks a mandatory preliminary injunction, the court must deny such relief "unless the facts and law clearly favor the moving party." *See Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (quotation and citation omitted); *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (because a preliminary injunction is an extraordinary remedy, it should not to be granted routinely, but only when the plaintiff, by a clear showing, carries its burden of persuasion on each of the required elements).

**ORDER  3**

It appears that Plaintiff is seeking the same relief he has requested in his religious discrimination lawsuit, *CV03-222-C-EJL*. Plaintiff's counsel recently filed an Amended Complaint in his religious discrimination case which includes a retaliation claim. The relief requested in the religious discrimination case covers the same issues set forth in the present action. Therefore, Plaintiff will not be allowed to seek identical relief in this action where he is appearing pro se. Plaintiff's religious discrimination case is set for trial, and he has already designated an expert on the religious discrimination claims. Therefore, the Court will stay the retaliation claim in this action until such time as the claims in Plaintiff's previous religious discrimination and retaliation case are resolved. The disposition of the claims in the previously filed case will clarify the extent to which the two cases overlap. To do otherwise may result in inconsistent results on the same claims.

Based on the foregoing, the law and facts pertaining to Plaintiff's request for a temporary restraining order do not clearly favor a ruling on his behalf. *Stanley v. University of S. Cal.*, 13 F.3d at 1320. Accordingly, the Motion for Temporary Restraining Order is denied.

## MOTIONS FOR PROTECTIVE ORDER

Defendants filed two motions requesting protective orders from Plaintiff's numerous discovery requests. During the discovery process, the Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Proc. 26 (c).

As previously set forth, Plaintiff is attempting to litigate claims on which he is already

**ORDER  4**

proceeding in another federal court action. Therefore, it is appropriate to grant a protective order, staying the discovery in this case. Plaintiff will be ordered to refrain from sending any further discovery requests in this action to Defendants' counsel. Defendants will not be required to respond to any of the discovery requests until further Court order.

Based on the foregoing, Plaintiff's Motions to Compel discovery responses are denied until further Court order.

## MOTIONS TO AMEND AND SUPPLEMENT THE COMPLAINT

Plaintiff also filed four motions, requesting that he be given leave to amend the Complaint in this action. Plaintiff was authorized to proceed on a single retaliation claim in the Court's Initial Review Order, and he is requesting leave to add an inadequate outdoor exercise claim to this action. It appears that Plaintiff is claiming the alleged denial of outdoor exercise is in retaliation for filing the religious discrimination claim.  The Court will not authorize Plaintiff to proceed with the outdoor exercise claim in this action.

Plaintiff previously filed an Eighth Amendment claim for the alleged denial of outdoor exercise in *CV03-484-C-EJL*. Therefore, the Court will not allow Plaintiff to add this claim to every pending lawsuit he has filed in this Court. Accordingly, Plaintiff's motions for leave to amend the Complaint are denied.

**ORDER  5**

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also filed a motion requesting appointment of counsel. The Court previously appointed counsel in Plaintiff's religious discrimination case, *CV03-222-C-EJL*. Plaintiff is indigent, and the Court was able to locate pro bono counsel to represent him in the retaliation and religious discrimination claims. Therefore, he is already represented by counsel in pursuit of these claims.

The Court will deny Plaintiff's requests for appointment of counsel, and he is advised to cooperate with his attorney in preparing his religious discrimination claims for trial. Plaintiff's attempts to continually expand the lawsuit for which counsel was appointed will not be allowed.

Plaintiff also filed five motions requesting hearings on his various motions. Plaintiff will be ordered to refrain from filing multiple motions on the same requests. Based on the stay of this case, any further filings prior to the lifting of the stay will result in sanctions being awarded against Plaintiff. The stay will be effective until such time as the Court determines the religious discrimination and retaliation claims set forth in *CV03-222-C-EJL*.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining Order (Docket No. 10) is DENIED.

**ORDER  6**

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Appoint Counsel (Docket No. 17) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motions to Amend the Complaint (Docket Nos. 19, 22, 27, 35, and 50) are DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motions for Hearing (Docket Nos. 26, 27, 29, 51, and 56) are DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motions to Compel (Docket Nos. 32, 39, and 41) are DENIED.

IT IS FURTHER HEREBY ORDERED that Defendants' Motions for Protective Order (Docket Nos. 33 and 45) are GRANTED as set forth above.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Facilitate Affidavits (Docket No. 42) is DENIED.

IT IS FURTHER HEREBY ORDERED that this action is stayed pending the disposition of *CV03-222-C-EJL*. No further filings shall be made in this action until the stay is lifted. Defendants' counsel shall notify the Court upon the completion of *CV03-222-C-EJL*. The parties are advised that the failure to comply with this Order may result in the issuance of sanctions.

DATED: **March 21, 2006**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER  7**